UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA SEHL,

    Plaintiff,

    Case No. 2:07-cv-14830

vs.

    Hon. Lawrence P. Zatkoff

CREDIT CONTROL, LLC,
NATHAN RICH,    Magistrate Judge: Steven R. Whalen

    Defendants.

## **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This matter having come before the Court on the stipulation of the parties, the parties anticipating discovery of certain information and/or documents concerning confidential information, business information, and employee relations information (collectively referred to as "Confidential Information"); the parties having approved this Stipulated Confidentiality Agreement and Protective Order to protect the confidentiality of the information and/or documents that are likely to be produced in discovery; and good cause having been shown to the Court; now, therefore:

Plaintiff, Sandra Sehl, and Defendants, Credit Control, LLC, and Nathan Rich, by and through their attorneys signing below, stipulate and agree as follows:

IT IS HEREBY ORDERED AS FOLLOWS:

1. For purposes of this Stipulated Confidentiality Agreement and Protective Order, ("Protective Order") the term "party" or "parties" shall include the following: Plaintiff, Sandra Sehl, and Defendants, Credit Control, LLC, and Nathan Rich.

2. Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

may designate as "confidential" any materials, hereafter produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary or confidential business nature. No material shall be designated as "confidential" which has not been treated as confidential by the party making the designation.

3. "Materials" as used herein means any kind, type or classification of information, whether it be a document, information contained in a document, or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained; including, but not limited to, any writing, letter, envelope, telegram, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or communication or any other data compilation, including all drafts of all such documents. "Materials" also includes every writing, drawing, graph, chart, photograph, phono record, tape and other data compilations from which information can be obtained, and includes all drafts and all copies of every such writing or record that contain any commentary, note, or marking whatsoever not appearing on the original, physical exhibits, information revealed during a deposition, information revealed in discovery responses, an interrogatory answer, or otherwise.

4. Any materials designated by a party producing them, as "confidential" shall be conspicuously marked with the following legend:

**"CONFIDENTIAL"**

5. Material designated "confidential" ("Confidential Material") shall be used by the party receiving the material solely for the prosecution or defense of this action.

2

6. No document designated as Confidential Material by being marked as such, or any other document which quotes or contains a portion of any such Confidential Material may be disclosed to any person other than the following (collectively, the "receiving party"):

    a. The parties and their respective counsel, and their insurers and reinsurers, provided that the parties may not then disclose their contents to any third party;

    b. Secretaries, paralegal assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

    c. The Court, the jury and court personnel, mediators, arbitrators, and persons engaged to make copies, provided that all said documents and information when filed with the Clerk of Court shall be filed under seal and shall be released only upon agreement among all parties, or pursuant to the terms of this Protective Order, or by order of the Court;

    d. Fact witnesses, but only as to documents directly relating to their testimony. Further, fact witnesses may not remove or take possession of said documents, or copies thereof, and must execute and agree to the terms of the "Acknowledgement of Protective Order" set forth and attached hereto;

    e. Any person employed by a party or a party's attorneys of record in this litigation as an independent consultant, investigator, expert and the consultant's, investigator's, or expert's employees and associates, to whom disclosure is necessary in the consultant's, investigator's, or expert's evaluation of the matter before him/her. Before any Confidential Material may be disclosed or otherwise provided, directly or indirectly, to

such person, he/she must execute and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto, and shall:

1. maintain such Confidential Material in a manner calculated to prevent its public disclosure;

2. return such Confidential Material to counsel for the party that retained such Expert/Consultant within ninety (90) days of the conclusion of the Expert/Consultant's assignment or retention;

3. not disclose such Confidential Material to anyone, or use such Confidential Material, except as permitted by the Protective Order;

4. submit to the jurisdiction of this Court for purposes of enforcing the Protective Order; and

5. use such Confidential Material and the information contained therein solely for the purpose of rendering consulting services to a party, including providing testimony in any such proceeding.

f. Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Protective Order" attached hereto;

7. Confidential Material designated as "confidential" shall be held in confidence by the party requesting the documents and any receiving party and not disclosed to any person other than those listed in section 6, part a through f above.

8. The receiving party shall neither grant nor permit any other person to have access to any Confidential Material or inform any other person of the existence of such material or of any of the contents thereof without the prior approval in writing of the party producing such material, or an order of the Court upon written motion with notice to all parties.

4

9. **Filing Confidential Documents**. Documents subject to this Protective Order must be filed pursuant to LR 5.1. In addition, each document subject to a protective order must be placed in separate 9.5 x 12 inch envelope and sealed closed. Each envelope must plainly state the full case caption, title of the document enclosed and the text, "FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" in bold, capital letters not less than one inch high.

10. The inadvertent failure of a party producing material to designate as "confidential" any document or other material referred to in Paragraph 1 shall not constitute, be construed as, or have the effect of, a waiver of confidentiality. In addition, the inadvertent disclosure or production by any party of any document protected by the attorney-client privilege or the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection. Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing party.

11. If any Confidential Material or the contents thereof is inadvertently disclosed to any person not authorized to have access thereto, the party responsible for the inadvertent disclosure shall notify in writing the party which produced the material, with a copy of the notices sent to the Court. Such notice shall be sent three (3) days after the inadvertent disclosure is discovered, and shall identify by name, address, telephone number, and employer, each unauthorized person to whom disclosure was made, the date of such disclosure, and the surrounding circumstances.

12. Confidential Material marked as an exhibit in a deposition or other discovery document remains confidential, and may not be disclosed by the receiving party except in accordance with this Protective Order.

13. If a party designates portions of a deposition taken in this case to be "confidential" then the transcript of that portion of the deposition may be used by the opposing party only for purposes of this lawsuit and such transcript portion, and the information contained therein, shall be treated by the opposing party as confidential pursuant to this Protective Order.

14. Confidential Material may be used at trial to the extent it is admissible. A receiving party intending to use Confidential Material at trial shall notify the producing party of that intention prior to trial. Any concerns regarding the use of such materials at trial shall be raised by the party seeking protection prior to trial.

15. This Protective Order is without prejudice to the right of the parties to oppose the admissibility of any of the documents produced on the grounds of lack of relevance, privilege, or any other reason.

16. If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the "confidential" designation for such document(s) by providing opposing counsel with written notice as to the specific information being challenged, together with a copy of each document containing such information. In the event the parties cannot resolve the disagreement, the contesting party may move for an order removing the "confidential" designation from such document (s). Any information that is subject to dispute and/or motion as to whether it in fact contains confidential information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Protective Order.

17. **Procedure Upon Termination of This Action.** At the conclusion of this action, including the exhaustion of all appeals, the party receiving any Confidential Material shall arrange for the destruction of the materials or the return of the materials to the party which produced them, pursuant to the producing party's instruction.

18. Seven Days after the entry of a final judgment and an appellate mandate, if appealed, the parties' attorneys must present to the court a proposed order specifying whether the material sealed pursuant to this Protective Order is (a) to be returned to the parties or (b) unsealed and placed in the case file. Failure to present the order will result in the Court ordering the clerk to unseal the material and place it in the case file.

19. Nothing herein contained shall be construed to limit any party or person in its use of its own documents or information or from disclosing its own documents or information.

20. This Protective Order is intended to only govern the use of the documents and information in question in pretrial proceedings. Should this matter proceed to trial, the Court will issue appropriate orders governing the use of the documents and information at trial.

21. After the termination of these matters, the provisions of this Protective Order shall continue to be binding.

22. The Court shall retain jurisdiction over the parties, their attorneys, and experts for enforcement of the provisions of this Protective Order following the termination of this litigation.

23. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, parents, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED.

Dated: June 19, 2008         s/Lawrence P. Zatkoff
                             LAWRENCE P. ZATKOFF
                             UNITED STATES DISTRICT JUDGE

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

APPROVED AS TO FORM AND CONTENT:

By: /s/ Julie Petrik w/Consent
Julie A. Petrik (P47131)
Attorney for Plaintiff
24500 Northwestern Hwy.
Suite 206
Southfield, MI 48075
Phone: (248) 208-8864

Dated: May 21, 2008


By: /s/ Gregory R. Neidle
Gregory R. Neidle (P59273)
DOBBS & NEIDLE, P.C.
Attorneys for Defendant
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
(248) 723-9511
(248)723-9531(facsimile)

Dated: June 19, 2008

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA SEHL,

    Plaintiff,

vs.

CREDIT CONTROL, LLC,
NATHAN RICH,

    Defendants.

Case No. 2:07-cv-14830

Hon. Lawrence P. Zatkoff

Magistrate Judge: Steven R. Whalen

---

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, am a _____(employee, partner, associate, etc.) of _____, and I hereby acknowledge that:

1. I have read the Confidentiality Agreement and Protective Order entered in the action captioned above, understand the terms thereof, and agree to be bound by such terms;

2. I will make only such copies or notes as are required to enable me to render assistance in connection with the matters for which I am engaged;

3. I will not disclose Confidential Material to any person not expressly entitled to receive it under the terms of the Protective Order;

4. I will not use Confidential Material for any purpose other than that authorized by the Protective Order; and

5. I agree to submit to the jurisdiction of the Wayne County Circuit Court for the sole purpose of having the terms of the Protective Order enforced.

Dated: _____        Signature:_____

Contact Information:

Name:                                Phone:
Title:                                   Fax:
Company:                        Email:
Address:

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520